MINI SPAS, INC., Plaintiff,

v.

The **INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

No. 860212.

Supreme Court of Utah.

Feb. 3, 1987.

W. Andrew McCullough, Orem, for plaintiff.

K. Allan Zabel, Salt Lake City, for defendant.

## PER CURIAM:

Plaintiff-employer Mini Spas, Inc., appeals a decision of the Board of Review that its former employee is eligible for unemployment benefits. That determination of eligibility affirmed the ruling of the administrative law judge that the employer had failed to timely protest a determination of benefits by the Department of Employment Security.[1]

The two issues on appeal, as framed by the employer, are: (1) whether the Department abused its discretion in refusing to consider the employer's protest to the benefits awarded because the protest was not filed within ten days; and (2) whether the administrative law judge's refusal to consider the untimely protest contravenes a claimed public policy to relieve a party of

default for "mistake" or "excusable neglect." Utah R.Civ.P. 60(b)(1). We reject both contentions and affirm the Board of Review.

The facts material to the employer's untimely protest are not disputed. In any event, we are bound by the factual findings of the administrative tribunal.[2]

In December 1985, the employer withdrew its appeal from an audit determination by the Department of Employment Security that the employee-claimant performed services "in employment." The appeal was withdrawn under its agreement with the Department that the employer would have another opportunity to protest the benefit determination and to request relief from the charge for those benefits.

As a result of the agreement, the Department again sent to the employer Form 607, "Employer Notice of Claim Filed and Potential Benefit Costs." At the request of the employer, the notice was mailed directly to its attorney at his office address on December 18, 1985. The notice advised the employer of its potential liability and cautioned that relief from the benefits charged against it could not be granted unless the employer's protest was submitted in writing by December 28, 1985. This ten-day limit for the filing of a protest of benefit charges is required by section 35–4–7(c)(3)(E).[3]

The employer did not file any written protest until after January 20, 1986. It claims that its delay may have been due to the fact that the notice had to be forwarded from the attorney to the employer. However, any such delay was the direct result of its insistence that the notice be sent directly to the attorney. The attorney acknowledged receipt and, purportedly, forwarded it to his client. Whether prior communications from the Department were re-

---

1. § 35–4–7(c)(3)(E); all statutory citations herein are to U.C.A., 1953 (1974 ed., Supp. 1986).

2. § 35–4–10(i); *Utah Department of Administrative Services v. Public Service Commission,* 658 P.2d 601, 608–09 (Utah 1983).

3. Section 35–4–7(c)(3)(E) provides, in part:

Any employing unit that receives a notice of the filing of a claim may protest payment of benefits to former employees or charges to the employer if the protest is filed within ten days after the date the notice is issued.

ceived by the employer is irrelevant when timely receipt on this occasion is acknowledged by the employer's designated agent.

After the employer withdrew its prior appeal by agreement, it had another opportunity to timely request relief of the charges and knew, or should have known, that the notice would be forthcoming. Yet the employer failed to act for over three weeks after the due date. This delay in filing a written protest was not due to circumstances beyond the employer's control, and the finding below of lack of "good cause" to excuse the default is affirmed. In view of the employer's admissions that the only excuse for untimely response was that the notice was "inadvertently stuck together in the employer's drawer," we find no abuse of discretion.[4]

Mini Spas, Inc., further contends that under Rule 60(b)(1) of the Utah Rules of Civil Procedure, defendant must excuse its neglect to timely file its protest of the charges. It claims that the standard of "good cause," as applied by defendant's administrative rules to excuse default, is contrary to an implied public policy in Rule 60(b). It appears to us that the more pertinent public policy to be applied in this case is found in section 35–4–2, section 35–4–10(e) (permitting the Department to prescribe its own procedural rules), and sections 35–4–7, –6, and –10 (imposing various ten-day filing requirements).

Rule 60(b)(1) confers discretion upon a trial court judge to set aside a judgment for "excusable neglect." We have heretofore defined "excusable neglect" as the exercise of "due diligence" by a reasonably prudent person under similar circumstances.[5] Even if we were to consider any argued distinction between "good cause" and "excusable neglect," which we expressly decline to do, the undisputed facts here do not support any claim that the employer diligently acted in a reasonably prudent

manner in failing to file its response until three weeks after it was due. With knowledge that the notice was forthcoming and a response was necessary, the employer's neglect or mistake was not excusable. *Cf. Katz v. Pierce,* 732 P.2d 92 (Utah 1986). The Department's refusal to consider it was reasonable and rational under sections 35–4–7 and 35–4–10.

We find the arguments on appeal to be without merit, and the decision of the Board of Review is affirmed.

HOWE, J., concurs in the result.

---

**4.** *See Kirkwood v. Department of Employment Security,* 709 P.2d 1158 (Utah 1985); *Wood v. Department of Employment Security,* 680 P.2d 38 (Utah 1984); *Thiessens v. Department of Employment Security,* 663 P.2d 72 (Utah 1983).

**5.** *Airkem v. Parker,* 30 Utah 2d 65, 513 P.2d 429 (1973).