IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| White Cap Construction Supply, Inc., | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff, | ) | Case No. 20101007-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Star Mountain Construction, Inc.; Ed | ) | (March 15, 2012) |
| Zite; Thomas Strebel; Idaho Pacific | ) | |
| Lumber Co.; Bingglei Rock Products, | ) | |
| Inc.; and Western States Equipment Co., | ) | 2012 UT App 70 |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |
| | ) | |
| Shamrock Plumbing, LLC, | ) | |
| | ) | |
| Cross-claim Plaintiff, Appellee, | ) | |
| and Cross-appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Silver Baron Partners, LC; Daedalus | ) | |
| USA, Inc.; Fred W. Fairclough Jr.; and | ) | |
| Christine Fairclough, | ) | |
| | ) | |
| Cross-claim Defendants, | ) | |
| Appellants, and Cross-appellees. | ) | |

-----

Third District, Silver Summit Department, 050500453
The Honorable Bruce C. Lubeck

Attorneys:      Joseph M. Chambers, Josh M. Chambers, and Maybell Romero, Logan, for Appellants and Cross-appellees
Matthew G. Cooper and Mel S. Martin, Murray; and Jeremy C. Sink, Salt Lake City, for Appellee and Cross-appellant

-----

Before Judges Davis, Thorne, and Roth.

DAVIS, Judge:

¶1     Silver Baron Partners, LC and Daedalus USA, Inc. (collectively, Defendants) appeal the trial court's judgment in its contract dispute with Shamrock Plumbing, LLC (Shamrock).  Shamrock cross-appeals, claiming that the trial court erred in setting aside a default judgment against Defendants on grounds of excusable neglect.  Because we agree with Shamrock that the trial court should not have set aside the default judgment, we need not address Defendants' arguments regarding the trial court's later judgment.

¶2     Shamrock argues that the trial court erred in setting aside the default judgment because its finding of excusable neglect was not supported by a finding of due diligence. *See generally Jones v. Layton/Okland*, 2009 UT 39, ¶ 20, 214 P.3d 859 ("[E]xcusable neglect requires some evidence of diligence in order to justify relief.").  In support of their rule 60(b) motion to set aside the judgment on grounds of excusable neglect, *see generally* Utah R. Civ. P. 60(b), Defendants argued (1) that their general practice of ignoring legal pleadings they received via regular mail was excusable because they believed they were represented by counsel and expected that counsel would handle the legal pleadings, and (2) that their neglect of their counsel's notice of withdrawal and the notice to appoint counsel sent by Shamrock was excusable because their counsel, with whom they had a long-term relationship, did not notify them of the withdrawal in person.

¶3     Defendants' counsel mailed a Notice of Withdrawal of Counsel to Defendants on January 9, 2009.  Shamrock's counsel then mailed a Notice to Appear or Appoint Counsel on January 12, 2009.  When Defendants failed to appoint new counsel, Shamrock's counsel mailed proposed default certificates to Defendants and the court on February 6, 2009.  A Motion for Entry of Default Judgment, a Memorandum in Support of Motion for Entry of Default Judgment, and supporting affidavits were then filed with the court and mailed to Defendants on February 12, 2009.  On March 2, 2009, Shamrock

sent Defendants a copy of its Request to Submit for Decision. The trial court signed an Order and a Judgment entering default judgment against Defendants on March 5, 2009. Subsequently, Shamrock filed a Motion to Correct Judgment, a Memorandum in Support of Motion to Correct Judgment, and a supporting affidavit, and sent copies to Defendants on March 16, 2009. The trial court signed a Corrected Judgment on March 18, 2009. Finally, on March 19, 2009, Defendants' current counsel mailed an Entry of Appearance and a Motion to Set Aside Judgment and Motion for New Trial to Shamrock and the court.

¶4      In ruling on Defendants' motion to set aside, the trial court found that Defendants had been "less than concerned at times about this case" and stated that it was "hard-pressed to really understand how so many pleadings could be overlooked." Although these comments suggest that the trial court did not consider Defendants to have acted diligently, the trial court did not make any explicit finding regarding due diligence. Nevertheless, the trial court set aside the default judgment, explaining, "[G]iven the situation with counsel and the lack of personal contact and a long-term relationship, the court will again[1] excuse [D]efendants['] failures."

¶5      "A district court has broad discretion to rule on a motion to set aside a default judgment under rule 60(b) of the Utah Rules of Civil Procedure." *Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480. But "while the district court's discretion to grant relief under rule 60(b) for excusable neglect is broad, *it is not unlimited*." *Jones*, 2009 UT 39, ¶ 20 (emphasis added). "[E]xcusable neglect requires some evidence of diligence in order to justify relief." *Id.*; *see also Swallow v. Kennard*, 2008 UT App 134, ¶ 23, 183 P.3d 1052 ("The supreme court has previously defined 'excusable neglect' as 'the exercise of "due diligence" by a reasonably prudent person under similar circumstances.'" (quoting *Mini Spas, Inc. v. Industrial Comm'n, Dep't of Emp't Sec.*, 733 P.2d 130, 132 (Utah 1987) (per curiam))). Although "[p]erfect diligence is not required . . . , *some* diligence is necessary" in order for the neglect to be considered excusable. *See Jones*, 2009 UT 39, ¶¶ 22-24 (declining "to read the word 'excusable' out of [rule 60(b)]" by permitting the trial court to grant "relief based on mere neglect alone"). While excusable neglect is an equitable inquiry, *see id.* ¶ 17, diligence on the part of the party claiming excusable neglect is an essential element of that inquiry, and relief may not be granted based on other "equitable considerations" "where a party has exercised no diligence at all," *id.* ¶ 23. In determining whether a party has exercised due diligence, the trial court must

---

[1]This was the second time the trial court had entered a default against Defendants in this case. *See infra* ¶ 6 & note 2.

consider whether the actions of the party seeking relief were "sufficiently diligent and responsible, in light of the attendant circumstances, to justify excusing it from the full consequences of its neglect." *Id.* ¶ 22. Here, the trial court did not, and indeed could not, find that Defendants exercised any diligence whatsoever, let alone due diligence.

¶6 The "attendant circumstances" in this case do not "justify excusing [Defendants] from the full consequences of [their] neglect." *See id.* Even in light of the preference we tend to give to judgments on the merits, *see Davis v. Goldsworthy*, 2008 UT App 145, ¶ 10, 184 P.3d 626 (mem.) ("[T]he law disfavors default judgments[.]" (alterations in original)), and the significant discretion granted to trial courts in assessing excusable neglect, *see Jones*, 2009 UT 39, ¶ 17, we conclude that the circumstances presented here are simply insufficient to demonstrate due diligence and therefore cannot support the trial court's ruling that excusable neglect existed in this case. Defendants did not simply neglect to read the notice of withdrawal; it was Defendants' regular practice not to read mail relating to legal matters unless it came through personal service or registered mail. Defendants persisted in this practice despite having had defaults entered against them in the same case three years earlier when they ignored their mail and thus failed to respond to Shamrock's counterclaims.[2] We cannot see how Defendants' ignoring their mail could be considered sufficiently diligent and responsible in light of their prior experience of having a default entered against them as a result of their failing to read their mail. Furthermore, Defendants were aware of the potential upheaval in their representation because they had recently had a disagreement with the law firm representing them and had been informed that at least one of the attorneys would be withdrawing. And even if we could accept Defendants' argument that it was excusable for them to ignore what they believed to be "client copies" of pleadings sent by their counsel, we are hard-pressed to understand how they could have deemed it unnecessary to review communications sent directly by opposing counsel, such as the notice to appoint counsel and the default certificates.[3] Under the

---

[2]These defaults also were set aside based on Defendants' excuse that they had not read the pleadings they received via regular mail and that they were unrepresented by counsel. *See generally* Utah R. Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default . . . .").

[3]Defendants attribute this failure to the ignorance of their staff, asserting that mailings regarding a legal matter that their "staff was under the impression was being handled by the attorney . . . would be filed as a matter of course" and that, given that

(continued...)

circumstances, Defendants appear to have "exercised no diligence at all"; thus, the relief afforded by the trial court was not justified. *See id.* ¶¶ 20, 23.

¶7     Because we conclude  that the trial court exceeded its permitted discretion in granting Defendants' motion to set aside the default judgment, we reverse the trial court's July 13, 2010 judgment.  The default judgment of March 18, 2009, is therefore reinstated.

_____
James Z. Davis, Judge

-----

¶8     WE CONCUR:

_____
William A. Thorne Jr., Judge

_____
Stephen L. Roth, Judge

---

[3](...continued)
the relevant pleadings "came in via regular mail[,] the staff member responsible for opening the mail did not realize that the practical effect of the pleadings was that [Defendants] no longer had legal representation on this matter."  But if Defendants were going to file "client copies" "as a matter of course," then it was their responsibility to ensure that "the staff member responsible for opening the mail" was able to distinguish between client copies that would be addressed by the attorney and pleadings that needed to be directly addressed by Defendants, regardless of what form—personal service, registered mail, or regular mail—the pleadings arrived in. Their failure to do so, particularly after they had defaults entered against them once, is not excusable.