IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Annabelle Stone, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff, Appellant, and Cross-appellee, | ) | Case No. 20110990-CA |
| | ) | |
| | ) | F I L E D |
| v. | ) | (March 29, 2012) |
| | ) | |
| Hidden Lakes Condo Association, | ) | |
| Barbara Wise, Barbara Wilson | ) | 2012 UT App 85 |
| Corporation, and Earthwork | ) | |
| Property Management, | ) | |
| | ) | |
| Defendants, Appellees, and | ) | |
| Cross-appellants. | ) | |

-----

Third District, Salt Lake Department, 100925189
The Honorable Joseph C. Fratto

Attorneys:     Annabelle Stone, Salt Lake City, Appellant and Cross-appellee Pro Se
                   Ryan B. Braithwaite and Daniel K. Brough, Salt Lake City, for Appellees
                   and Cross-appellants

-----

Before Judges Voros, Orme, and Roth.

¶1     Annabelle Stone appeals the district court's November 2, 2011 ruling on her rule 60(b) motion for relief from judgment. This matter is before the court on a sua sponte motion for summary disposition.

¶2     On March 31, 2011, the district court granted Appellees' motion to dismiss Stone's complaint for a wrongful lien injunction. However, the district court reserved

the issue of attorney fees for a later ruling. On April 14, 2011, Stone filed a rule 60(b) motion asserting that the district court's March 31, 2011 decision should be set aside for mistake, surprise, or excusable neglect. On May 17, 2011, the district court denied Appellees' request for attorney fees resulting in a final, appealable order.[1] *See Promax Dev. Corp. v. Raile*, 2000 UT 4, ¶ 15, 998 P.2d 254. Stone now appeals the district court's November 2, 2011 order denying her rule 60(b) motion for relief from judgment.

¶3     A ruling on a rule 60(b) motion constitutes a separate, appealable order. *See Amica Mut. Ins. Co. v. Shettler*, 768 P.2d 950, 970 (Utah Ct. App. 1989). The filing of a rule 60(b) motion does not toll the time to appeal issues from the underlying judgment. *See* Utah R. App. P. 4(b). The district court is afforded broad discretion in ruling on a motion for relief from judgment under rule 60(b). *See Birch v. Birch*, 771 P.2d 1114, 1117 (Utah Ct. App. 1989). The district court's ruling on a rule 60(b) motion will not be disturbed absent a showing that the court abused its discretion. *See id.* An appeal from a rule 60(b) motion is narrow in scope and addresses only the propriety of the denial or grant of relief from judgment, lest rule 60(b) motions become substitutes for untimely appeals. *See Franklin Covey Client Sales, Inc. v. Merlin*, 2000 UT App 110, ¶ 19, 2 P.3d 451. A rule 60(b) motion does not generally reach the merits of the underlying judgment from which relief was sought or provide a basis for this court to review the legal issues previously adjudicated by the district court. *See id.* ¶ 23.

¶4     Stone's rule 60(b) motion asserts that the district court's order granting Appellees' motion to dismiss should be set aside due to mistake, surprise, or neglect. The district court denied Stone's rule 60(b) motion on the ground that Stone sought to reargue the same arguments that the district court had previously considered and determined to be inapplicable. An appeal or a motion for a new trial, rather than a rule 60(b) motion, is the proper avenue to address alleged mistakes of law committed by the district court. *See id.* ¶¶ 21-22. Stone's appeal of the district court's denial of her rule 60(b) motion improperly exceeds the narrow scope of rule 60(b) review by challenging the district court's decisions on substantive issues of law. *See id.* Stone also fails to demonstrate that the district court abused its discretion in denying her rule 60(b) motion.

---

[1]On May 19, 2011, Stone filed a notice of appeal seeking to appeal the May 17, 2011 decision. Stone's direct appeal was dismissed for her failure to pay the required filing fee and cost bond.

¶5     Accordingly, the district court's ruling on the issues raised by Stone's appeal of the rule 60(b) motion is affirmed.[2]


_____

J. Frederic Voros Jr.,
Associate Presiding Judge



_____

Gregory K. Orme, Judge



_____

Stephen L. Roth, Judge

---

[2]A ruling on the issues presented in Appellees' cross-appeal is deferred pending plenary presentation and consideration of the appeal. Hereafter, Hidden Lakes Condo Association, Barbara Wise, Barbara Wilson Corporation, and Earthwork Property Management are designated as the Appellants for the remaining portions and briefing of this appeal. Appellants should note that this court lacks jurisdiction to consider issues arising from the May 17, 2011 final order as the filing of a rule 60(b) motion does not toll the time to appeal issues from the underlying judgment. *See* Utah R. App. P. 4(b). Thus, this appeal is limited to the review of the district court's November 2, 2011 order, which denied the rule 60(b) motion as well as Appellants' motion to enforce the settlement agreement.