2014 UT App 203

## THE UTAH COURT OF APPEALS

BODELL CONSTRUCTION COMPANY,
Plaintiff and Appellee,
*v.*
MARK ROBBINS,
Defendant and Appellant.

Opinion
No. 20120446-CA
Filed August 28, 2014

Third District Court, Salt Lake Department
The Honorable John Paul Kennedy
No. 030917018

James E. Nesland and Eric W. Pearson, Attorneys
for Appellant

Matthew R. Lewis and Ryan B. Bell, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGE STEPHEN L. ROTH and SENIOR JUDGE RUSSELL W.
BENCH concurred.[1]

CHRISTIANSEN, Judge:

¶1      Mark Robbins appeals the district court's denial of his
motion to set aside the default judgment entered against him and
in favor of Plaintiff Bodell Construction Company (Bodell). We
affirm.

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special
assignment as authorized by law. *See generally* Utah Code Jud.
Admin. R. 11-201(6).

¶2      In 2003, Bodell filed suit against Robbins and others, alleging fraud, civil conspiracy, negligent misrepresentation, and unjust enrichment. The litigation stemmed from a dispute concerning a series of loans and other transactions among Bodell and the defendants. Robbins and other defendants moved for summary judgment. In 2007, the district court granted the defendants' motions for summary judgment, and Bodell appealed. In 2009, the Utah Supreme Court reversed the district court's grant of summary judgment and remanded the case for further proceedings. *Bodell Constr. Co. v. Robbins*, 2009 UT 52, ¶ 40, 215 P.3d 933.

¶3      Soon after the remand, Robbins's attorneys submitted an ex parte motion for leave to withdraw as counsel, claiming, among other things, that they had "been unable to communicate with [Robbins] for several months, and correspondence to [Robbins] ha[d] been returned undeliverable." Robbins's attorneys informed the district court that Robbins's last known address was in Park City, Utah. Although Robbins had not lived at the Park City address since October 2008, he had failed to provide his attorneys or the court with his new address. The court granted the motion to withdraw.

¶4      After his counsel withdrew, Robbins did not appear before the district court, retain new counsel, or update his address with the court. As the case proceeded without Robbins's involvement, counsel for Bodell served all filings, including those relating to a potential default judgment, to Robbins's last known address—the Park City address on file with the district court. In November 2011, the court entered a default judgment against Robbins.[2] In February 2012, Robbins filed a motion to set aside the default judgment in accordance with rule 60(b) of the Utah Rules of Civil Procedure. On April 25, 2012, the court denied Robbins's motion, and Robbins filed a notice of appeal on May 25, 2012. Robbins's notice of appeal indicates that his appeal is from the district court's April 2012 order

---

2. By 2010, Bodell had settled its claims with all of the other defendants in this case.

denying his motion to set aside the default judgment, not the underlying November 2011 default judgment itself. Robbins requests that we reverse the court's April 2012 order denying his motion to set aside the default judgment, set aside that default judgment, and remand for further proceedings.

ISSUES AND STANDARDS OF REVIEW

¶5      Robbins argues that the district court erred by denying his rule 60(b) motion to set aside the default judgment. "A district court has broad discretion to rule on a motion to set aside a default judgment under rule 60(b) . . . ." *Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480. "Thus, we review a district court's denial of a [rule] 60(b) motion under an abuse of discretion standard of review." *Id*. And "in the context of a denial of a rule 60(b) motion, '[w]e review a district court's findings of fact under a clear error standard of review,' while '[w]e review a district court's conclusions of law for correctness, affording the trial court no deference.'" *Swallow v. Kennard*, 2008 UT App 134, ¶ 19, 183 P.3d 1052 (alterations in original) (quoting *Menzies*, 2006 UT 81, ¶ 55). In addition, we note that our review of a district court's rule 60(b) order is "limited in scope" because such an appeal must only address "the propriety of the denial or grant of relief," not the correctness of the underlying judgment. *Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 19, 2 P.3d 451 (citation and internal quotation marks omitted).

ANALYSIS

¶6      For a district court to set aside a default judgment pursuant to rule 60(b), "a defendant must show: (i) that the judgment was entered against him through excusable neglect (or any other reason specified in rule 60(b)), (ii) that his motion to set aside the judgment was timely, and (iii) that he has a meritorious defense to the action." *Hernandez v. Baker*, 2004 UT App 462, ¶ 3, 104 P.3d 664

(citation and internal quotation marks omitted). Rule 60(b) provides, in relevant part, that the "court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Utah R. Civ. P. 60(b). Both before the district court and on appeal, Robbins argues that he should be relieved from the default judgment pursuant to three of the grounds provided in rule 60(b): mistake, excusable neglect, and just cause under subsection (6). The district court determined that Robbins failed to establish mistake, excusable neglect, or just cause, and thus, the court declined to consider whether Robbins's motion was timely or whether he had any meritorious defense to the action. We conclude that the district court properly rejected each of Robbins's asserted grounds for relief.

### I. Mistake

¶7    In *Fisher v. Bybee*, the Utah Supreme Court addressed the type of "mistake" contemplated by rule 60(b) that would allow relief from a default judgment. 2004 UT 92, 104 P.3d 1198. In endorsing one of this court's prior decisions, the supreme court observed that we have "pared back [our] definition of judicial 'mistake' to include only the correction of 'a minor oversight, such as the omission of damages, which in most cases would be obvious.'" *Fisher*, 2004 UT 92, ¶ 11 (quoting *Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 22, 2 P.3d 451). By contrast, "a fundamental error of law, which in many cases would not be as clear," is not the type of mistake covered by rule 60(b). *Franklin Covey*, 2000 UT App 110, ¶ 22 (citation and internal quotation marks omitted). In other words, rule 60(b) is "proper to remedy only a clerical mistake, not a major judicial misapprehension of the law." *Fisher*, 2004 UT 92, ¶ 9.

¶8    Here, Robbins asserts that Bodell made three separate mistakes in calculating the amount of the default judgment, each

of which, he alleges, "incorrectly and materially increased the amount" of the default judgment entered by the court. These mistakes are "(1) misallocation by Bodell of a $3 million payment, (2) use of an incorrect starting date for the accrual of prejudgment interest, and (3) use of the wrong rate for prejudgment interest." The district court determined that these mistakes "concern alleged errors of law committed by the Court" and that, "[a]s such, they fall outside the scope of Rule 60(b)(1) and do not provide a basis for setting aside the default judgment."[3] We agree.

¶9      None of the mistakes alleged by Robbins constitute an obvious clerical mistake or a minor oversight meriting relief under rule 60(b). For example, both in his memorandum before the district court and on appeal, Robbins cites extensively to case law, statutes, and secondary sources to support his arguments that the $3 million payment allocation, the starting date for prejudgment interest, and the prejudgment interest rate were mistakes. In arguing that these mistakes are of the type subject to relief pursuant to rule 60(b), Robbins asserts that "[a]lthough each of the mistakes involves legal rulings and/or principles (as any calculation of damages must)," Robbins "did not call those legal rulings or principles into question but rather contended only that Bodell did not correctly follow the appropriate legal rulings and principles."

---

3. Robbins claims that the district court "sidestepped" addressing the merits of any of the three mistakes he identified because the court concluded that those mistakes, if true, would have been committed by the court and therefore did not relate to the conduct of counsel or the parties. "[T]he term 'mistake,' as used in rule 60(b)(1), has general application to the activities of counsel and parties, but seldom extends to judicial decisions . . . ." *Fisher v. Bybee*, 2004 UT 92, ¶ 12, 104 P.3d 1198. However, the district court specifically concluded that the purported mistakes would have been "*errors of law.*" (Emphasis added.) This conclusion addresses the type of mistake at issue, which, regardless of who commits the error, is the proper focus for purposes of rule 60(b)(1).

Robbins's argument on this point presents a distinction without a difference, at least in the context of this case. Whether Bodell, and by extension the district court, "correctly follow[ed] the appropriate legal rulings and principles" is simply another way of asking whether the district court applied the correct rule for measuring damages. And "[w]hether the district court applied the correct rule for measuring damages is a question of law." *Mahana v. Onyx Acceptance Corp.*, 2004 UT 59, ¶ 25, 96 P.3d 893. We therefore conclude that the district court properly determined that no "mistake" existed that would justify setting aside the November 2011 default judgment, even assuming without deciding that the court incorrectly applied the law. *See Franklin Covey*, 2000 UT App 110, ¶ 22 (stating that "[i]f a court merely wrongly decided a point of law, that is not [mistake]" under rule 60(b) (alterations in original) (citation and internal quotation marks omitted)).[4]

## II. Excusable Neglect

¶10    Whether excusable neglect exists is an equitable inquiry. *Jones v. Layton/Okland*, 2009 UT 39, ¶ 17, 214 P.3d 859. However, "diligence on the part of the party claiming excusable neglect is an essential element of that inquiry, and relief may not be granted based on other 'equitable considerations' 'where a party has exercised no diligence at all.'" *White Cap Constr. Supply, Inc. v. Star*

---

4. Additionally, Robbins asserts that the district court abused its discretion in holding that no mistake existed, because the court failed to make adequate findings of fact or conclusions of law. Generally, "a district court's ruling on a motion to set aside a default judgment must be based on adequate findings of fact and on the law." *Menzies v. Galetka*, 2006 UT 81, ¶ 55, 150 P.3d 480. However, the district court determined that the mistakes alleged by Robbins, even if factually true, were not of the type meriting relief under rule 60(b). Because the district court resolved this issue as a matter of law, it was unnecessary for the court to make specific findings of fact regarding each mistake alleged by Robbins.

*Mountain Constr., Inc.*, 2012 UT App 70, ¶ 5, 277 P.3d 649 (quoting *Jones*, 2009 UT 39, ¶ 23); *see also Mini Spas, Inc. v. Industrial Comm'n*, 733 P.2d 130, 132 (Utah 1987) (per curiam) (defining excusable neglect as "the exercise of due diligence by a reasonably prudent person under similar circumstances" (citation and internal quotation marks omitted)). Thus, "[i]n determining whether a party has exercised due diligence" sufficient "'to justify excusing it from the full consequences of its neglect'" under rule 60(b), "the trial court must consider whether the actions of the party seeking relief were 'sufficiently diligent and responsible, in light of the attendant circumstances.'" *White Cap Constr.*, 2012 UT App 70, ¶ 5 (quoting *Jones,* 2009 UT 39, ¶ 22).

¶11   The district court entered judgment against Robbins after he "neglected to keep his counsel or the Court updated as to his whereabouts or otherwise remain apprised of developments in the case." Robbins argues that his neglect was excused by his mistaken belief that Bodell was no longer pursuing its claims against him and that Bodell or its counsel would ensure that Robbins received actual notice if it continued to press its claims.

¶12   As for his first excuse, Robbins asserts that because he and Bodell had engaged in several business transactions while the underlying suit was progressing, he believed that Bodell had dropped its claims against him. However, Robbins does not allege that Bodell ever actually communicated to him an intention to terminate this litigation or that the business transactions were initiated as a way to settle Bodell's claims. As the district court observed in denying Robbins's motion, we agree that "[s]imply conducting business with an opposing party to a lawsuit is not a clear signal that all is forgiven." Also, as the district court noted, Bodell continued to pursue its appeal to the Utah Supreme Court during the same time that Bodell and Robbins were transacting business with each other, and Robbins was aware of Bodell's appeal. Bodell's willingness to expend the time and resources necessary to carry out such an appeal undermines Robbins's claim that he reasonably believed Bodell had dropped its claims against

him. Moreover, even after Robbins became aware of the supreme court's decision reversing the district court's grant of Robbins's summary judgment motion, which allowed Bodell's claims to proceed against him, Robbins made no effort to contact his attorneys or the court. Such conduct falls outside "the exercise of due diligence by a reasonably prudent person under similar circumstances." *Mini Spas*, 733 P.2d at 132 (citation and internal quotation marks omitted).

¶13 Regarding Robbins's second excuse—that Bodell or its counsel should have ensured that Robbins received actual notice as Bodell continued to press its claims—we note that the Utah Rules of Civil Procedure mandate that personal service of process occur only once, at the beginning of a case. Utah R. Civ. P. 4(d)(1). Once a defendant appears before the court, it is that defendant's responsibility to maintain contact with the court. *Id.* R. 76 ("An attorney and unrepresented party must promptly notify the court in writing of any change in that person's address, e-mail address, phone number or fax number."); *Volostnykh v. Duncan*, 2001 UT App 26U, para. 4 (per curiam) (recognizing the parties' duties to inform the court of any address changes and to "keep themselves apprised of ongoing court proceedings"). We agree with the district court that Robbins's attempt to excuse his lack of diligence with his reliance on an adverse party for notice "plac[es] on Bodell and its counsel a duty not recognized in Utah law."

¶14 Due to Robbins's failure to make a reasonable effort to protect his interests, the district court properly determined that Robbins's "actions were not 'sufficiently diligent and responsible, in light of the attendant circumstances, to justify excusing [him] from the full consequences of [his] neglect.'" (Alterations in original) (quoting *White Cap Constr.*, 2012 UT App 70, ¶ 5).[5] Robbins

---

5. Likewise, to the extent that Robbins raises other "equitable considerations" that we have not addressed in this opinion, we

(continued...)

therefore has not shown a "reasonable justification for [his] failure" to update his address with the court and stay apprised of the proceedings. *See Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480.

### III. Just Cause

¶15 Rule 60(b)(6) provides that a party may be relieved from a judgment for "any *other* reason justifying relief from the operation of the judgment." Utah R. Civ. P. 60(b)(6) (emphasis added). The Utah Supreme Court has explained that this "catch-all" provision of rule 60(b) "is meant to operate as a residuary clause" and therefore "may not be relied upon if the asserted grounds for relief fall within any other subsection of rule 60(b)." *Menzies*, 2006 UT 81, ¶ 71. "In other words, the grounds for relief under 60(b)(6) are exclusive of the grounds for relief allowed under other subsections." *Id.* The court further explained that "relief under rule 60(b)(6) is meant to be the exception rather than the rule" and "should be sparingly invoked and used only in unusual and exceptional circumstances." *Id.* (citation and internal quotation marks omitted).

¶16 Here, Robbins merely recycles the same failed argument for relief based on mistake that he previously raised under rule 60(b)(1) and asserts that the existence of such mistakes caused the district court to abuse its discretion "by not finding that just cause existed under Rule 60(b)(6)." Accordingly, because Robbins raises no new arguments or independent reasons for setting aside the district court's default judgment under rule 60(b)(6), he cannot prevail on this ground.

---

5. (...continued)
determine that his failure to exercise due diligence necessarily forecloses a finding of excusable neglect and any resulting relief from the default judgment. *See Jones v. Layton/Okland*, 2009 UT 39, ¶ 23, 214 P.3d 859.

CONCLUSION

¶17    The district court properly rejected Robbins's claims of mistake, excusable neglect, and just cause; therefore, like the district court, it is unnecessary for us to evaluate whether Robbins's motion was timely filed and whether he had a meritorious defense to the action. We thus conclude that the district court did not abuse its discretion by denying Robbins's rule 60(b) motion to set aside the default judgment. Affirmed.