**2015 UT App 130**

## THE UTAH COURT OF APPEALS

TIFFANY WEBER,
Plaintiff and Appellee,
*v.*
MIKAROSE, LLC AND BRAD LAWSON,
Defendants and Appellants.

Memorandum Decision
No. 20140415-CA
Filed May 21, 2015

Fourth District Court, American Fork Department
The Honorable Christine S. Johnson
No. 130100161

Adam G. Clark and Andrew W. Stavros, Attorneys
for Appellants

Robert C. Avery and Nathan E. Burdsal, Attorneys
for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and MICHELE M. CHRISTIANSEN
concurred.

DAVIS, Judge:

¶1     Mikarose, LLC and Brad Lawson (collectively, Employer)
appeal the trial court's grant of attorney fees to Tiffany Weber
and the trial court's denial of two rule 60(b) motions for relief.
We affirm.

## I. Attorney Fees

¶2    First, Employer argues that the attorney fee award is in violation of the Fair Labor Standards Act (FLSA).[1] The FLSA requires a trial court to award reasonable attorney fees and costs "in addition to any judgment awarded to the plaintiff . . . to be paid by the defendant." 29 U.S.C. § 216(b), *declared unconstitutional by Michigan Corr. Org. v. Michigan Dep't of Corr.*, 774 F.3d 895 (6th Cir. 2014). Employer argues that the award of $37,717.50 in attorney fees is unreasonable, particularly because Employer has never denied liability for Weber's unpaid overtime wages and the amount of overtime wages in dispute was no more than $2,000.

¶3    "[T]he district court has broad discretion in determining what constitutes a reasonable [attorney] fee, and we will consider that determination against an abuse-of-discretion standard." *Redd v. Hill*, 2013 UT 35, ¶ 15, 304 P.3d 861 (citation and internal quotation marks omitted). "[A]n award of attorney fees must be supported by evidence in the record." *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988); *id.* at 989–90 (listing various considerations a court may take into account in determining the reasonableness of an attorney fee award).

¶4    First, Employer suggests that the fees awarded are unreasonable because of the vast difference between the amount

---

1. Employer's brief on appeal was drafted by Lawson pro se and is difficult to understand. Thus, to the extent this decision does not address issues that Lawson believed he raised on appeal, we deem those issues inadequately briefed. *See* Utah R. App. P. 24(a)(9). The attorneys on appeal for both Lawson and Mikarose made their appearance after Lawson had filed his pro se opening brief, and this court permitted counsel to ratify the brief with respect to Mikarose, but prohibited counsel from substantively amending it.

of fees awarded and the amount in controversy. "[A]lthough the amount in controversy can be a factor in determining a reasonable fee," that amount is not necessarily reliable, because, for example, it often takes an attorney roughly "the same amount of time to collect a note in the amount of $1,000 as it takes to collect a note for $100,000." *Id.* at 990. In other words, "[t]he amount of the damages awarded in a case does not place a necessary limit on the amount of attorneys fees that can be awarded." *Id*. (citation and internal quotation marks omitted). Employer has not demonstrated why this general principle should not apply here. Accordingly, we reject Employer's assertion that the fee award is unreasonable because it is significantly larger than the amount in controversy.

¶5    Next, Employer argues that the fees awarded were unreasonable because the case was uncomplicated in light of the fact that Employer never denied liability and the only issue was how much overtime pay Employer owed Weber. The trial court recognized that the issues raised in Weber's original complaint "were not novel or complex." However, the court explained, "The only reason the attorney fees are high is because [Weber] was required to seek orders to compel discovery and to respond to [Employer's] seemingly endless salvo of motions." The court recognized that Employer had "the right to file the motions that [it] did and argue them in court" but noted that as a consequence of exercising that right, Employer "prolonged this litigation and ran up the fees." The court acknowledged that it would have exercised its discretion to reduce the fee award "had the tables been reversed," i.e., had Weber expended a significant amount of time "filing endless, unnecessary motions." The court concluded, however, that such an exercise of discretion was not appropriate here, where Employer "has created the unpleasant situation which [it] now finds [itself] in." Employer has not persuaded us that the trial court abused its discretion in reaching this conclusion.

¶6      Employer also suggested to the trial court that some of the particular charges included in the attorney fee award were unreasonable, and on appeal, Employer challenges several specific items billed by Weber's attorney.[2] These specific challenges were not presented to the trial court in a manner in which it could rule on them; indeed, the trial court stated, without objection, at the March 28, 2014 hearing on attorney fees that Employer "does not contest the work that has been performed" and "does not contest the rate of Plaintiff's Counsel." "As a general rule, claims not raised before the trial court may not be raised on appeal." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346 (explaining the preservation rule). These challenges are not preserved for appeal, and we decline to address them further.

## II. Attorney Fees as a Discovery Sanction

¶7      Next, Employer argues that the trial court abused its discretion in awarding attorney fees as "sanctions" because the court did not make the necessary findings to support a sanction in its Order to Compel Discovery (the Order to Compel).[3]

---

2. Employer specifically challenges as unreasonable a charge of $2,000 for work done to prepare a summary judgment motion and memorandum that was never filed, $4,097.50 for a motion for sanctions that was denied, $3,245 for an "almost identical [second] motion" for sanctions, and $770 for administrative tasks such as copying and mailing documents.

3. Employer also argues that the trial court failed to comply with rule 4-502(2)(E) of the Utah Rules of Judicial Administration when it entered the Order to Compel without explicitly determining that a telephone conference with the parties was unnecessary. *See* Utah R. Jud. Admin. 4-502(2)(E). Rule 4-502(2)(E) states, "The court reserves the right to decide the

(continued…)

¶8      In the Order to Compel, the trial court ordered Employer to pay Weber's "reasonable attorney's fees and costs associated with preparing and filing [her] Statement of Discovery Issues." Rule 37 of the Utah Rules of Civil Procedure authorizes a trial court to order a party against whom a motion to compel is granted to "pay the reasonable expenses and attorney fees incurred on account of the motion if the court finds that the party . . . did not act in good faith or asserted a position that was not substantially justified." Utah R. Civ. P. 37(d). The trial court made no such finding before requiring Employer to pay Weber's attorney fees and costs related to the Order to Compel. However, "such failure is not grounds for reversal if a full understanding of the issues on appeal can nevertheless be determined by the appellate court." *Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 962 (Utah Ct. App. 1989) (citation and internal quotation marks omitted); *accord Kilpatrick v. Bullough Abatement, Inc.*, 2008 UT 82, ¶ 29, 199 P.3d 957.

¶9      Here, in the court's subsequent order imposing a default judgment against Employer as an additional discovery sanction, the court explained that Employer "failed to provide responses to [Weber's] written discovery requests within the time prescribed under the rules," that Weber "properly contacted [Employer] in a good faith attempt to resolve the issues in accordance with Rule 4-502(2)(A)" of the Utah Rules of Judicial Administration, and that "[w]hen that good faith attempt failed

_____

(…continued)
issue(s) without a telephone conference if it determines that a conference is unnecessary . . . ." *Id.* Employer raised other challenges under rule 4-502 in its filings opposing the Order to Compel, primarily on good faith grounds, *see id.* R. 4-502(2)(A), but Employer never raised a challenge under rule 4-502(2)(E) below. Accordingly, this argument is not preserved and we do not address it further. *See State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346.

to resolve the issues, [Weber] properly filed her Statement of Discovery [I]ssues in compliance with the provisions of Rule 4-502." Employer "did not object to [Weber's] Statement of Discovery Issues," and in turn, the trial court entered an Order to Compel Discovery. The court described Employer as having "willfully withheld" and "outright refused" to supply the requested discovery materials throughout the proceedings. There is no question that Employer failed to provide the requested electronic discovery materials, and the record clearly indicates that Employer has maintained the attitude that it needed to provide only the discovery materials it deemed relevant to Weber's claim. In light of this evidence of Employer's lack of good faith, the trial court's failure to make the relevant specific finding to support its order that Employer pay Weber's attorney fees and costs incurred in securing the Order to Compel is not a reversible error. *See Amica Mut.*, 768 P.2d at 962. Accordingly, we affirm the trial court's decision to impose attorney fees and costs against Employer in the Order to Compel.

¶10 Employer also argues that the trial court improperly granted the Order to Compel because Weber's discovery request for "all electronic documents and spreadsheets" was not reasonable or proportional under rule 26(b)(2) of the Utah Rules of Civil Procedure. Because Employer did not challenge Weber's discovery request or Statement of Discovery Issues as overbroad, the trial court granted the Order to Compel, certifying Weber's request as reasonable and compliant with the relevant rules. It was not until after the court issued the Order to Compel, during a hearing on several of Employer's subsequent motions, that Employer expressed its mistaken belief that it need not file a protective order because rule 26 "guaranteed" its rights against overbroad discovery requests by requiring Weber "to show relevance" and proportionality. The trial court explained that Employer was, in fact, required to respond to Weber's request for discovery in order to properly raise its concerns about proportionality and that it should not "assume that for some

reason [the court is] going to make the argument against the discovery being offered." The court indicated that when it receives an unopposed "statement of discovery issues from either party representing that the information sought is relevant" and "proportional," the court "is going to assume that the information is relevant and proportional." The trial court concluded that Employer's challenge to the proportionality of the request was untimely and therefore waived. We see no abuse of discretion in this regard and do not address the issue further.

### III. Rule 60(b) Motions

¶11 Finally, Employer argues that the trial court abused its discretion by denying Employer's rule 60(b) motion on the basis that Lawson failed to demonstrate excusable neglect or a meritorious defense. "A district court has broad discretion to rule on a motion to set aside a . . . judgment under rule 60(b)," and "we review a district court's denial of a [rule] 60(b) motion under an abuse of discretion standard of review." *Bodell Constr. Co. v. Robbins*, 2014 UT App 203, ¶ 5, 334 P.3d 1004 (alteration in original) (citation and internal quotation marks omitted). In this context, "[w]e review a district court's findings of fact under a clear error standard of review, while [w]e review a district court's conclusions of law for correctness, affording the trial court no deference." *Id.* (alterations in original) (citation and internal quotation marks omitted). "In addition, we note that our review of a district court's rule 60(b) order is limited in scope because such an appeal must only address the propriety of the denial or grant of relief, not the correctness of the underlying judgment." *Id.* (citation and internal quotation marks omitted).

¶12 To set aside a judgment pursuant to rule 60(b), the moving party must "show that the judgment was entered against him through excusable neglect (or any other reason specified in rule 60(b))," and "he must also show that his motion to set aside the judgment was timely, and that he has a meritorious defense to the action." *Erickson v. Schenkers Int'l*

*Forwarders, Inc.*, 882 P.2d 1147, 1148 (Utah 1994) (citation and internal quotation marks omitted); *see also* Utah R. Civ. P. 60(b)(1) (permitting a judgment to be set aside on the basis of "mistake, inadvertence, surprise, or excusable neglect").

¶13    Here, Employer asserted that its failure to respond to the Statement of Discovery Issues should be excused because at the time Weber filed the Statement, Lawson, who represented himself pro se, and his wife were out of the state, meaning there was "no one authorized to open the mail." In other words, Employer did not learn that Weber had filed the Statement of Discovery Issues until after the trial court issued its Order to Compel. In ruling on Employer's rule 60(b) motions, the trial court held that Employer "demonstrated no diligence at all" by leaving "the state during the discovery period without designating anyone to check a message or open an envelope." Because the trial court concluded that Employer failed to make even "some effort," the court denied its rule 60(b) motions.[4]

¶14    The trial court did not abuse its discretion in reaching this conclusion. "[D]iligence on the part of the party claiming excusable neglect is an essential element of that inquiry, and relief may not be granted based on other equitable considerations where a party has exercised no diligence at all." *Bodell*, 2014 UT App 203, ¶ 10 (citation and internal quotation marks omitted). While representing himself pro se, Lawson left the state during the discovery period and did not designate

---

4. In ruling on Employer's first rule 60(b) motion, the court also determined that Employer's defense that Weber did not comply with rule 4-502 before filing the Statement was without merit because Weber's request did conform to the relevant rules. However, in ruling on Employer's second rule 60(b) motion, the court did not reach that prong of the rule 60(b) inquiry in light of its conclusion that Employer failed to demonstrate excusable neglect.

anyone to check his messages or open envelopes sent by opposing counsel. We agree that this behavior does not constitute diligence. Accordingly, the trial court did not abuse its discretion in denying Employer's rule 60(b) motions.

## IV. Conclusion

¶15   We affirm the trial court's award of attorney fees under the FLSA, its imposition of attorney fees as a discovery sanction, and its denials of Employer's rule 60(b) motions. Because Weber was awarded fees below under the FLSA, has prevailed on appeal, and has requested fees on appeal, we remand to the trial court for the limited purpose of awarding fees reasonably incurred on appeal. *See Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) ("This court has interpreted attorney fee statutes broadly so as to award attorney fees on appeal where a statute initially authorizes them. In addition, when a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." (citation and internal quotation marks omitted)).

―――――――――