**2020 UT App 104**

# THE UTAH COURT OF APPEALS

COURTNEY LYNN MATHENA,
Appellant,
*v.*
JASON J. VANDERHORST,
Appellee.

Opinion
No. 20190156-CA
Filed July 2, 2020

Fourth District Court, Spanish Fork Department
The Honorable Jared Eldridge
No. 170300077

Ryan J. Schriever, Attorney for Appellant

A. Joseph Sano and Scarlet R. Smith, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and JILL M. POHLMAN
concurred.

MORTENSEN, Judge:

¶1     After four notices were sent to Courtney Lynn Mathena's home over a span of about three-and-a-half months, without her taking any action other than to send her sister to the dismissal hearing to request a continuance, her lawsuit against Jason J. Vanderhorst was dismissed with prejudice. Mathena subsequently moved for relief from the judgment under rule 60(b)(1) of the Utah Rules of Civil Procedure, arguing excusable

neglect.[1] However, the district court concluded that her neglect was inexcusable and denied her motion. We affirm.

## BACKGROUND

¶2 In May 2017, Mathena filed a complaint against Vanderhorst, alleging damages related to a car accident. For about a year, the lawsuit proceeded through discovery. However, on May 30, 2018, Mathena's counsel withdrew pursuant to rule 74 of the Utah Rules of Civil Procedure and provided Mathena's home address. The next day, Vanderhorst filed a notice to appear or appoint counsel and served a copy of the notice by mail to Mathena's home. *See* Utah R. Civ. P. 74(c). Mathena did not respond or appear.

¶3 Almost two months later, on July 19, Vanderhorst filed a motion to dismiss for failure to prosecute, which he served by mail to Mathena's home. Again, Mathena neither responded nor appeared. Then, almost a month later, on August 16, Vanderhorst filed a request to submit the motion to dismiss for decision and again mailed the request to Mathena's home. Once more, there was no response from Mathena.

---

1. Mathena did not appeal the order of dismissal but only the denial of the rule 60(b)(1) motion. Accordingly, only the propriety of the denial of the rule 60(b) motion is before us, and indeed, we lack jurisdiction to address the merits of the underlying dismissal. *See Stone v. Hidden Lakes Condo Ass'n*, 2012 UT App 85, ¶ 5 n.2, 275 P.3d 283 (per curiam) ("Appellants should note that this court lacks jurisdiction to consider issues arising from the . . . final order as the filing of a rule 60(b) motion does not toll the time to appeal issues from the underlying judgment."); *Amica Mutual Ins. Co. v. Schettler*, 768 P.2d 950, 969–70 (Utah Ct. App. 1989).

¶4    Subsequently, on August 22, the district court issued a notice of hearing on the motion to dismiss to the parties, scheduling the hearing for September 18. The court mailed this notice to Mathena's home as well. Mathena never filed a memorandum opposing the motion to dismiss. She also did not show up to the hearing, but her sister did. Mathena's sister asked the court to reschedule the hearing, but the court did not consider her request because she was not licensed to practice law. *See Board of Comm'rs of the Utah State Bar v. Petersen*, 937 P.2d 1263, 1268 (Utah 1997) (noting that appearing in court on someone else's behalf is the practice of law). On October 11, the court entered an order dismissing the case with prejudice for failure to prosecute. *See* Utah R. Civ. P. 41(b).

¶5    On November 12, through newly retained counsel, Mathena moved for relief from judgment under rule 60(b)(1) of the Utah Rules of Civil Procedure, arguing that her failure to appear and respond to the motion to dismiss was due to excusable neglect. Mathena attached a signed declaration to support her motion, in which she stated, in relevant part:

> 2. I live with my mother and my mail sometimes gets mixed up with her mail.
>
> 3. I recall receiving the Motion to Dismiss and the Notice of the Hearing on the Motion to Dismiss, but I do not recall receiving the Notice to Appear or Appoint Counsel.
>
> 4. I received notice of the hearing on the Motion to Dismiss two days before the hearing. I do not recall when I received the Motion to Dismiss.
>
> 5. I tried to get off work for the court date, but my boss would not grant me time off on such short notice.

. . . .

> 7. I asked my sister . . . if she could go to court for me to let the judge know the reason I was not able to be there so the hearing could be rescheduled.

¶6 The district court denied Mathena's motion. In doing so, the court noted that Mathena "received several notices that her case was in jeopardy of being dismissed and she failed to take reasonable and prudent actions to prevent that outcome." The court then concluded that Mathena's actions did not establish excusable neglect because "she failed to take the reasonable action of contacting the court to reschedule the hearing due to her work conflict, contact an attorney to appear for her or even to appear in person to explain herself."

¶7 Mathena appeals.

ISSUES AND STANDARDS OF REVIEW

¶8 There are two issues before this court. First, we review for correctness whether the district court applied the appropriate legal standard in denying Mathena's rule 60(b) motion. *See Utah v. Boyden*, 2019 UT 11, ¶¶ 21–22, 441 P.3d 737 ("We peel back the abuse of discretion standard and look to make sure that the court applied the correct law." (cleaned up)); *Rodriguez v. Kroger Co.*, 2018 UT 25, ¶ 11, 422 P.3d 815 (noting that even when a district court's ultimate decision is reviewed for abuse of discretion, "whether the district court applied the appropriate standard . . . presents a legal question that we review for correctness").

¶9 Then, we consider whether the district court abused its discretion in determining that Mathena's actions did not amount to excusable neglect. *See Jones v. Layton/Okland*, 2009 UT 39, ¶ 10, 214 P.3d 859 ("We review a district court's denial of a rule 60(b) motion for relief from judgment for an abuse of discretion.").

ANALYSIS

I. The District Court Did Not Apply an Incorrect Legal Standard.

¶10    Rule 60(b) is one of several avenues for relief from a district court's rulings under the Utah Rules of Civil Procedure. On a timely motion and "just terms," a court may set aside "a judgment, order, or proceeding" for one of the various enumerated reasons, including "excusable neglect." Utah R. Civ. P. 60(b)(1). "District courts have broad discretion" in the rule 60(b) arena. *Jones v. Layton/Okland*, 2009 UT 39, ¶ 17, 214 P.3d 859 (cleaned up). "The equitable nature of the excusable neglect determination requires that a district court be free to consider all facts it deems relevant to its decision and weigh them accordingly." *Id.* ¶ 18. "To qualify for relief under rule 60(b)(1), a party must show he has used due diligence. Due diligence is established where the failure to act was the result of the neglect one would expect from a reasonably prudent person under similar circumstances." *Sewell v. Xpress Lube*, 2013 UT 61, ¶ 29, 321 P.3d 1080 (cleaned up). "The ultimate goal of the excusable neglect inquiry" is to determine "whether the moving party has been sufficiently diligent that the consequences of its neglect may be equitably excused." *Jones*, 2009 UT 39, ¶ 20.

¶11    Mathena contends that the district court applied the wrong legal standard. Specifically, Mathena takes issue with a quote the court included in its order from *Peterson v. Crosier*, referenced in a footnote in *Jones*: "if the record discloses mere carelessness, lack of attention, or indifference to his/her rights on the part of the applicant, he/she cannot expect an opportunity to redeem the past." (Cleaned up.) *See id.* ¶ 19 n.12 (quoting *Peterson v. Crosier*, 81 P. 860, 862 (Utah 1905)). Based on the inclusion of this quote, Mathena claims that the district court erroneously interpreted *Jones* because the *Jones* court cited *Peterson* as an example of the cases requiring a showing of circumstances beyond a party's control in considering whether

neglect is excusable—a requirement that the supreme court abandoned.

¶12 The district court did not misinterpret *Jones*. Although the supreme court included *Peterson* to show that it was moving away from the beyond-control test, *see id.* ¶ 19 & n.12 ("[A] moving party need not necessarily prove that it has been forced into neglect by circumstances beyond its control."), the supreme court did not depart from the portion of the *Peterson* quote that the district court included in its order, *see id.* Indeed, the supreme court expressly reaffirmed "the basic principle upon which [the beyond-control] decisions rested: that excusable neglect requires some evidence of diligence in order to justify relief." *Id.* ¶¶ 19–20. And *Jones* made clear that although a party *may* prove excusable neglect based on circumstances beyond its control, it need not do so for relief. *Id.* ¶ 19.[2]

---

2. We recognize that some inconsistency in the law may be perceived. Although our supreme court in *Jones* owned that its articulation of Utah's rule 60(b) excusable neglect standard appeared to be "in some tension" with prior jurisprudence, *Jones* served to clarify the law. *Jones v. Layton/Okland*, 2009 UT 39, ¶ 19, 214 P.3d 859. Regrettably, two subsequent cases muddied, rather than crystalized, that clarification. Those two appellate opinions mentioned that, to prove excusable neglect, a party must show that it was inhibited by circumstances beyond its control. *Judson v. Wheeler RV Las Vegas, LLC*, 2012 UT 6, ¶ 27, 270 P.3d 456 ("A party seeking relief from a judgment under rule 60(b)(1) must show that he has used due diligence and that he was prevented from appearing by circumstances over which he had no control." (cleaned up)); *Go Invest Wisely LLC v. Murphy*, 2016 UT App 185, ¶ 21, 382 P.3d 631 ("The movant must show that he has used due diligence and that he was prevented from appearing by circumstances over which he had no control." (cleaned up)). But the dispute in *Judson* involved whether the party's motion was

(continued…)

¶13    Here, the proposition the district court quoted related to "carelessness, lack of attention, or indifference" directly falls within the proper discretionary considerations the supreme court reaffirmed and clarified in *Jones*. Indeed, the bottom line remains that an individual seeking rule 60(b) relief must exhibit sufficient diligence for relief to be granted, which would not include carelessness, lack of attention, or indifference. *Id.* ¶ 20. Thus, the quote itself is not an incorrect statement of the law.

¶14    Moreover, the substance of the court's order demonstrates that it applied the correct legal standard. The court assessed the relevant facts: Mathena's notice, her opportunities to take action, and her lack of effort to address the situation. And the court

---

(…continued)
really one under rule 60(b)(1) or 60(b)(4) and, consequently, whether showing a meritorious defense was required. *See Judson*, 2012 UT 6, ¶ 13. The beyond-control language included in paragraph 27 was guidance on an issue that the *Judson* court expressly said was not before it—twice. *See id.* ¶¶ 26, 30. Thus, the inclusion of the beyond-control language appears to be an oversight included in its guidance, and we do not read it as undercutting the work done in *Jones*, especially given its context and lack of analysis to that end.

And *Go Invest Wisely*'s comment was an inconsequential oversight as well, in which this court based its affirmance primarily on the party's unreasonable assumption that the district court's silence granted an extension to its request, not the beyond-control test. *See* 2016 UT App 185, ¶¶ 21–23. Moreover, "we are bound by vertical stare decisis to follow strictly the decisions rendered by the Utah Supreme Court." *State v. Sorbonne*, 2020 UT App 48, ¶ 29, 462 P.3d 409 (cleaned up). Thus, to the extent *Go Invest Wisely* conflicts with *Jones*, *Jones* prevails. Plainly put, despite these two appellate opinions, *Jones*'s clarification remains good law.

never referred to the beyond-control test and never applied the test in its analysis. Therefore, Mathena's argument that the district court erroneously applied *Jones* is unpersuasive.

¶15 Mathena also posits that "equitable factors require that *any* amount of diligence is sufficient" if the rule 60(b) motion is timely. (Emphasis added.) But that simply is not the law. *See Sewell*, 2013 UT 61, ¶ 29 (requiring due diligence or proof that "the failure to act was the result of the neglect one would expect from a reasonably prudent person under similar circumstances" (cleaned up)); *Asset Acceptance LLC v. Stocks*, 2016 UT App 84, ¶ 19, 376 P.3d 322. Allowing any amount of diligence to be sufficient as a matter of law would set too low of a standard, render the excusable part of the inquiry nearly meaningless, and subvert the purpose of a rule designed to balance the competing principles of equity and finality. *See Jones*, 2009 UT 39, ¶ 17.

¶16 In short, the district court applied the correct legal standard in its determination of whether Mathena was entitled to relief for excusable neglect under rule 60(b).

## II. The District Court Did Not Abuse Its Discretion.

¶17 Mathena received four notices at her home over a period of about three-and-a-half months, yet she did not appear or respond. Three of these notices expressly referred to the dismissal of her case, making it clear that her case was in jeopardy.

¶18 The record reflects that Mathena took one of two approaches. The first is that she neglected her mail altogether, which does not constitute any diligence, let alone sufficient diligence. *Mini Spas, Inc. v. Industrial Comm'n of Utah*, 733 P.2d 130, 132 (Utah 1987) (per curiam) (holding that the employer did not exercise "due diligence" when "the only excuse for untimely response was that the notice was inadvertently stuck together in the employer's drawer"); *Asset Acceptance LLC*, 2016 UT App 84,

¶ 19 ("If Stocks failed to read the documents, then he did not exercise the appropriate level of diligence required to excuse his neglect, because his complete lack of action does not meet the standard required . . . ."); *White Cap Constr. Supply, Inc. v. Star Mountain Constr., Inc.*, 2012 UT App 70, ¶ 6, 277 P.3d 649 (holding that when the defendants' "regular practice [was] not to read mail relating to legal matters unless it came through personal service or registered mail," they "exercised no diligence at all"); *Swallow v. Kennard*, 2008 UT App 134, ¶ 24, 183 P.3d 1052 (explaining that purported "mail delivery problems" did not excuse the party's failure to respond in a timely fashion when the party had received notice); *Black's Title, Inc. v. Utah State Ins. Dep't*, 1999 UT App 330, ¶ 12, 991 P.2d 607 ("Because Black knew of the Department's investigation, due diligence required at a minimum that Black have requested his mail during these visits [to his business].").

¶19    More to the point, it is indisputable that Mathena was aware of the ongoing legal dispute. After all, she initiated it. Therefore, she should have either checked her mail or contacted someone to "stay apprised of the proceedings." *See Bodell Constr. Co. v. Robbins*, 2014 UT App 203, ¶ 14, 334 P.3d 1004 (holding that the party's actions of not updating his address or staying apprised of the litigation were not sufficiently diligent to constitute excusable neglect); *Volostnykh v. Duncan*, 2001 UT App 26U, para. 4 (per curiam) (explaining that parties have "a duty to inform the court of their location and keep themselves appri[s]ed of ongoing court proceedings").

¶20    The second interpretation of the facts is that Mathena received the three mailings regarding the potential dismissal of her case but simply neglected them until the eleventh hour, at which point her only action was to send her sister to the hearing. This constitutes insufficient diligence. *Asset Acceptance LLC*, 2016 UT App 84, ¶ 20 ("[S]uch a mistake cannot be deemed an innocent error or neglect worthy of judicial relief where it involves hewing to a course of action in disregard of repeated

warnings that serious harm may result."). Indeed, "to take this course, [Mathena] would have had to disregard the specific perils the [notices] themselves warned of": dismissal of her case. *See id.* And as the district court noted, Mathena could have contacted the district court, an attorney, or opposing counsel long before the day of the hearing to address the potential dismissal. Therefore, under either scenario, Mathena's actions did not exhibit sufficient diligence to establish excusable neglect. *See Jones*, 2009 UT 39, ¶ 20.

¶21 As to Mathena's declaration, her statements and argument depend on a significant inference: that she did not receive any notice of a potential dismissal until two days before the hearing. But she does not in fact say whether all the documents were mixed with her mother's mail or whether she simply did not read her mail. She specifically states, "I received notice of the hearing on the Motion to Dismiss two days before the hearing. I do not recall when I received the Motion to Dismiss." The first statement is vague and could mean that she merely did not read the notice until then. And the second statement is even less helpful because it gives no definitive time for when she received the motion to dismiss, which was mailed to her about a month before the September 18 hearing. Without a more specific and definite statement of not receiving the mailed notices, we cannot bridge this inferential gap in favor of Mathena to conclude that the district court exceeded its broad discretion.

CONCLUSION

¶22 For the foregoing reasons, we conclude that the district court did not abuse its discretion when it applied the correct legal standard related to rule 60(b) of the Utah Rules of Civil Procedure. Accordingly, we affirm.

———