**2015 UT App 276**

## THE UTAH COURT OF APPEALS

TIFFANY WEBER,
Appellee,
*v.*
MIKAROSE, LLC, AND BRAD LAWSON,
Appellants.

Per Curiam Decision
No. 20150175-CA
Filed November 19, 2015

Fourth District Court, American Fork Department
The Honorable Christine S. Johnson
No. 130100161

Andrew W. Stavros and Adam G. Clark, Attorneys
for Appellants

Robert C. Avery and Nathan E. Burdsal, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1    Mikarose, LLC and Brad Lawson appeal the district court's grant of additional attorney fees incurred in collection proceedings on the judgment affirmed in *Weber v. Mikarose, LLC*, 2015 UT App 130, 351 P.3d 121. We affirm.

¶2    As allowed by the previously affirmed March 28, 2014 judgment, Tiffany Weber filed a motion for an augmented judgment in the amount of costs and attorney fees incurred from

March 29, 2014 through December 15, 2015.[1] Lawson filed a pro se objection to the motion, raising the arguments that (1) the case was pleaded under tier one and limited to $50,000 in damages, (2) granting additional attorney fees was contrary to judicial economy, and (3) the claimed attorney fees were not reasonable and the affidavits were "riddled with mistakes." Lawson recited the factors intended to guide trial courts in determining reasonable attorney fees as stated in *Dixie State Bank v. Bracken*, 764 P.2d 985 (Utah 1988). Lawson challenged attorney fees related to tasks that he claimed should have been performed by paralegals, to travel to the courthouse, and to researching the title on the judgment debtor's home. Lawson also argued that the work performed by Weber's attorney was not "reasonably necessary," that counsel's billing rate was not consistent with customary rates, and that fees could not be recovered because they were not apportioned between Lawson and Mikarose. Weber's reply to the opposition was accompanied by the affidavits of other area attorneys stating that the rates charged were customary in the area.

¶3    "[T]he trial court has broad discretion in determining what constitutes a reasonable fee, and we will consider that determination against an abuse-of-discretion standard." *Id.* at 991. In determining the amount of an attorney fees award, a district court "should find answers to four questions," which are (1) "[w]hat legal work was actually performed;" (2) "[h]ow much of the work performed was reasonably necessary to adequately prosecute the matter;" (3) "[i]s the attorney's billing rate consistent with rates customarily charged in the locality for similar services;" and (4) "[a]re there circumstances which require consideration of additional factors, including those listed in the [Utah Rules of Professional Conduct]." *Id.* at 990. On appeal, Mikarose and Lawson claim, first, that the district court abused its discretion in awarding additional attorney fees in the

---

1. An earlier augmentation of the judgment to add attorney fees incurred through March 28, 2014, was not opposed or appealed.

amount of $16,090.00 and, second, that the February 2, 2015 Order Re: Plaintiff's Motion for Augmented Judgment did not include sufficient findings of fact to support the attorney fees award. That order was preceded by a January 9, 2015 Ruling on Plaintiff's Motion for Augmented Judgment, which we may also review. *See Merriam v. Merriam*, 799 P.2d 1172, 1177 (Utah Ct. App. 1990) (stating that an appellate court may examine findings expressed from the bench or contained in other court documents, such as court memoranda); *see also Erwin v. Erwin*, 773 P.2d 847, 849 (Utah Ct. App. 1989) (stating that in assessing the sufficiency of the findings, an appellate court is not limited to the contents of a particular document and the findings may be expressed orally from the bench or contained in other documents).

¶4     Neither Mikarose nor Lawson challenged the adequacy of the district court's findings to support the award. That claim can therefore only be considered under a plain error analysis. Furthermore, Mikarose did not file an objection to Weber's motion requesting augmentation of the attorney fees award and it preserved no issue regarding reasonableness of the fee award for appeal. Mikarose argues that it may challenge the reasonableness of the attorney fees awarded because the issue was raised in Lawson's opposition to the attorney fee request. MIkarose's argument is based on its assertion that a reversal of the fee award as to Lawson "has the inevitable result of striking fees as unreasonable as to both parties." That position lacks merit. Mikarose has not preserved any issues for appeal and cannot piggy-back on the objections raised by Lawson in order to challenge the attorney fees award.

¶5     In its January 9, 2015 ruling, the district court ruled that the tier one limit on damages does not apply to an attorney fees award, the interest in judicial economy does not prevent a prevailing party from recovering attorney fees, and the claim that the fee affidavit was "riddled with mistakes" was not supported by identification of any genuine mistake. The fact that some clerical tasks could have been performed at a lower rate by a paralegal did not support a reduction where Weber's counsel

did not employ paralegals, and Weber was not required to apportion attorney fees where the case did not involve separate claims against different parties. Finally, the district court opined that although the fees awarded far outweighed the amount of damages, the award was supported because "the fees in this case continue to be incurred as a result of Lawson's strategy of filing repeated baseless motions." The district court directed Weber's counsel to prepare a further order.

¶6     On February 2, 2015, the district court signed an Order Re: Plaintiff's Motion for Augmented Judgment, awarding attorney fees of $16,090.00 and costs of $1.00, with interest from December 14, 2014. In that order, the district court first stated the undisputed facts that Weber received a judgment that permitted augmentation for costs and fees incurred in collection efforts and that Weber was statutorily entitled to an attorney fees award by the Fair Labor Standards Act (FLSA). *See Weber*, 2015 UT App 130, ¶ 2, 351 P.3d 121. The district court found that Lawson had "filed additional motions which necessitated responses by Weber's counsel," causing further fees to be incurred in execution of the judgment for which Weber was entitled to compensation. The court found that "the amounts set forth in the fee affidavit are appropriate for the work performed." The district court also found, "No apportionment of fees is required because this case did not involve separate claims and defenses against various parties," and "[t]he rates charged in this case and set forth in the fee affidavit are appropriate."

¶7     Because neither Lawson nor Mikarose preserved the issues they now raise, we may only consider them if an exception to the preservation rule applies. *See State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. In order to prevail under a plain error analysis, a party must show that "(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful; i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the party." *In re A.T.I.G.*, 2012 UT 88, ¶ 22, 293 P.3d 276 (citation and internal quotation marks omitted). Lawson and Mikarose's plain error claim focuses on the February 2, 2015 order in isolation and

ignores additional findings contained in the January 9, 2015 ruling. They also argue that the district court's findings were inadequate because the district court found that the amounts were "appropriate for the work performed" rather than using the word "reasonable," which they claim demonstrates that the district court failed "to undertake the necessary analysis showing the attorney's fees are reasonable." Because neither Lawson nor Mikarose made a timely challenge to the adequacy of the district court's findings, they must demonstrate both that an error was made and that the error would have been "obvious to the trial court." *See id.* (citation and internal quotation marks omitted). They have done neither. The district court's findings, when considered as a whole, are adequate to demonstrate the reasoning of the district court in considering the relevant factors, and do not demonstrate error, let alone an obvious error.

¶8     In his brief on appeal, Lawson challenges specific charges in the fee affidavit as not "reasonably necessary." As previously noted, Mikarose did not preserve that challenge. Weber correctly notes that although Lawson's objection is cited as the basis for preserving each of these challenges, that objection did not preserve challenges made for the first time on appeal. Similar to the arguments in support of plain error, Lawson argues that because the district court was required to make an independent analysis of the *Dixie State Bank* factors, he was not required to make a specific challenge to any of the claimed fees he now disputes. We disagree that he has preserved the challenges he seeks to make before this court. In the district court, Lawson objected only to charges related to researching the title to the judgment debtor's home, traveling to the court, obtaining a civil bench warrant, issuing subpoenas to financial institutions, and obtaining a fee report for the writ of garnishment. The district court did not abuse its discretion in rejecting Lawson's challenge.

¶9     On appeal, Lawson also makes a general, unsupported argument that Weber was premature in pursuing collection on her judgment. There is no factual support in the record that would demonstrate that the collection efforts were premature.

Lawson also failed to preserve his claim that Weber's counsel's fee affidavit failed to satisfy rule 73 of the Utah Rules of Civil Procedure. In sum, Lawson has not met his burden of demonstrating that the district court abused its discretion in awarding Weber additional attorney fees incurred in collection efforts.

¶10 We affirm the district court's award of attorney fees to augment the earlier awards. Because Weber was awarded fees below under the FLSA, has prevailed on appeal, and has requested fees on appeal, we remand to the district court for the limited purpose of awarding fees reasonably incurred on this appeal.

_____