2015 UT App 73

## THE UTAH COURT OF APPEALS

KAVEH AGHDASI AND CINDY AGHDASI,
Plaintiffs and Appellants,
*v.*
PAYAM SABERIN AND *CITY CAB COMPANY, INC.*,
Defendants and *Appellee*.

Memorandum Decision
No. 20140173-CA
Filed March 26, 2015

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 130900379

J. Kent Holland, Attorney for Appellants

Bruce C. Burt, Attorney for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES J. FREDERIC VOROS JR. and KATE A. TOOMEY
concurred.

DAVIS, Judge:

¶1     Kaveh and Cindy Aghdasi challenge the district court's
denial of their rule 60(b) motion to set aside a summary
judgment in favor of City Cab Company, Inc. (City Cab). We
affirm.

¶2     The Aghdasis filed suit against Payam Saberin and City
Cab after Saberin, a cab driver who leased his cab from City Cab,
physically attacked Kaveh Aghdasi, another cab driver.
Following discovery, City Cab filed a motion for summary
judgment and a supporting memorandum using the district
court's electronic filing (e-filing) system. The district court
received a "Return of Electronic Notification" indicating that the
Aghdasis' attorney had received the electronic notice of the

motion for summary judgment via email at 2:46 p.m. on October 24, 2013. The court also received a notice confirming the attorney's receipt of the supporting memorandum at 2:49 p.m. the same day. The Aghdasis did not respond to the motion. City Cab filed a request to submit the summary judgment motion for decision, and court records indicate that the Aghdasis' attorney received electronic notice of this request at 11:20 a.m. on December 12, 2013.

¶3    The district court granted the motion for summary judgment on December 13. A copy of the ruling was sent to the Aghdasis' attorney electronically on December 23. On December 24, the Aghdasis filed a rule 60(b) motion to set aside the summary judgment on grounds of excusable neglect. *See* Utah R. Civ. P. 60(b). The motion was supported by the affidavit of the Aghdasis' attorney, in which he claimed that he never saw the electronic notices and was unaware of the motion for summary judgment until he received the district court's order granting it.[1] The attorney speculated that the motion for summary judgment and supporting memorandum must have been accidentally deleted or sent to a spam folder. The district court denied the motion, determining that the court's records demonstrated that the Aghdasis' attorney had received the motion for summary judgment and supporting memorandum and that the attorney had failed to adequately explain why he was unaware of the filings. The Aghdasis appeal.

¶4    The Aghdasis first assert that the district court erred in denying their rule 60(b) motion. We review a district court's denial of a rule 60(b) motion for abuse of discretion. *Katz v.*

---

1. At oral argument, the Aghdasis' attorney indicated that he had received the electronic notice of the request to submit for decision on December 12 but that he did not immediately open it.

*Pierce*, 732 P.2d 92, 93 (Utah 1986) (per curiam). "A district court abuses its discretion only when its decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice . . . [or] resulted from bias, prejudice, or malice." *Jones v. Layton/Okland*, 2009 UT 39, ¶ 27, 214 P.3d 859 (alteration and omission in original) (citation and internal quotation marks omitted).

¶5      "[T]here is no specific legal test for excusable neglect." *Id.* ¶ 18. Rather, "[t]he equitable nature of the excusable neglect determination requires that a district court be free to consider all facts it deems relevant to its decision and weigh them accordingly." *Id.*; *see also id.* ¶ 17 ("By their nature, equitable inquiries are designed to be flexible, taking into account all relevant factors in light of the particular circumstances."). Nevertheless, "excusable neglect requires some evidence of diligence in order to justify relief." *Id.* ¶ 20.

¶6      Although we have not yet had the opportunity to consider whether excusable neglect exists where an attorney claims to have misplaced an e-filed document, "Utah courts have found no abuse of discretion in a trial court's denial of a motion to set aside a default judgment where the only excuse offered by a party for its untimely response was that the motion requiring the response was inadvertently misplaced within a counsel's office." *Stevens v. LaVerkin City*, 2008 UT App 129, ¶ 27, 183 P.3d 1059 (citing *Mini Spas, Inc. v. Industrial Comm'n*, 733 P.2d 130, 132 (Utah 1987) (per curiam) (rejecting counsel's excuse "that the notice was 'inadvertently stuck together in the [plaintiff]'s drawer'")); *see also id.* ¶ 28 (holding that the disappearance of a motion within an attorney's office did not justify setting aside a summary judgment on grounds of excusable neglect). We see little difference between the inadvertent loss or misplacement of an electronic document and the inadvertent loss or misplacement of a physical document.

¶7    Other courts that have considered this issue have been largely unsympathetic when faced with attorneys attempting to blame failures on computer glitches. *See* W. Kelly Stewart & Jeffrey L. Mills, *E-Filing or E-Failure: New Risks Every Litigator Should Know*, For the Defense, June 2011, at 28, 28–33, 88, *available at* http://www.jonesday.com/files/Publication/efd9d946-2272-4493-9bb6-312e53bb8419/Presentation/PublicationAttachment/9398f37 a-c4a0-4338-8a4e-35cdf2d69900/FTD-1106-StewartMills.pdf (collecting cases relating to a variety of e-filing errors, including cases where a party sought relief on grounds of excusable neglect). For example, when the United States Court of Appeals for the D.C. Circuit was faced with an excusable neglect argument based on counsel's failure to receive electronic notice of the defendant's motion to dismiss, that court deemed the excuse "an updated version of the classic 'my dog ate my homework' line," concluding that "[i]mperfect technology may make a better scapegoat than the family dog in today's world, but not so here." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1293–94 (D.C. Cir. 2004) (determining that "[r]egardless whether he received the e-mail notice," the plaintiffs' attorney "remained obligated to monitor the court's docket").

¶8    It is clear from the court's records that the Aghdasis' attorney received the emails, even if he did not actually see or read them. The fact that the attorney then misplaced the emails either through accidental deletion or due to spam settings on his email account does not demonstrate the exercise of diligence on the part of the attorney, particularly in light of the fact that the attorney apparently misplaced at least two separate emails and admittedly neglected to read a third. The attorney had received e-filings in connection with this case before the motion for summary judgment was filed and electronically received the request to submit and the court's order granting the summary judgment motion, but for whatever reason, he missed the emails notifying him of the summary judgment motion and memorandum in support. The attorney should have made the

same effort to be aware of incoming electronic filings as he would have with paper filings. We cannot say that the court's rejection of the Aghdasis' excusable neglect argument,[2] under the circumstances of this case, "was against the logic of the

---

2. Because the summary judgment was entered without the input of the Aghdasis, they characterize it as a "default" summary judgment. Consequently, the district court also examined whether the Aghdasis had alleged a meritorious defense, an element of a rule 60(b) motion to set aside a default judgment, *see Erickson v. Schenkers Int'l Forwarders, Inc.*, 882 P.2d 1147, 1148–49 (Utah 1994), and concluded that the Aghdasis could not rely solely on the allegations of their complaint to proffer a meritorious defense in the context of a motion to set aside summary judgment, *but cf. Judson v. Wheeler RV Las Vegas, LLC*, 2012 UT 6, ¶¶ 10, 23, 270 P.3d 456 (clarifying that "[t]he assertion of a meritorious defense under rule 60(b) requires only a clear and specific proffer of a defense that, if proven, would preclude total or partial recovery by the claimant or counterclaimant," that the proffer "is subject to a liberal pleading standard," and that it is unnecessary to set forth specific facts supporting those allegations (citation and internal quotation marks omitted)). Because other cases reviewing motions to set aside summary judgment have not considered whether there was a meritorious defense, *see, e.g., Jones v. Layton/Okland*, 2009 UT 39, 214 P.3d 859; *Stevens v. LaVerkin City*, 2008 UT App 129, 183 P.3d 1059, and because we conclude that the district court did not abuse its discretion in concluding that the Aghdasis had not established excusable neglect, we do not find it necessary to examine the district court's determination that the Aghdasis failed to proffer a meritorious defense to summary judgment and express no opinion on whether a showing of a meritorious defense might be necessary in the context of a rule 60(b) motion to set aside a "default" summary judgment.

circumstances" or "so arbitrary and unreasonable as to shock one's sense of justice." *See Jones*, 2009 UT 39, ¶ 27 (citation and internal quotation marks omitted).

¶9    The Aghdasis also assert that City Cab's counsel violated his obligations under the Utah Standards of Professionalism and Civility by failing to notify the Aghdasis' attorney of a potential "default" summary judgment and that the district court abused its discretion by failing to address the violation. *See* Utah R. Jud. Admin. 14-301(16) ("Lawyers shall not cause the entry of a default without first notifying other counsel whose identity is known, unless their clients' legitimate rights could be adversely affected."). However, even assuming that City Cab's counsel violated these standards,[3] they are not mandatory and provide no basis for the Aghdasis to challenge the court's decision.

> Our standards of professionalism and civility often promulgate guidelines that are more rigorous than those required by the Utah Rules of Civil Procedure and the Utah Code of Professional Conduct . . . . The rules of civil procedure establish minimum requirements that litigants must follow; the standards of professionalism supplement those rules with *aspirational guidelines* that encourage legal professionals to act with the utmost integrity at all times.

*Arbogast Family Trust v. River Crossings, LLC*, 2010 UT 40, ¶ 40, 238 P.3d 1035 (emphasis added). While compliance with the Utah Standards of Professionalism and Civility is encouraged of

---

3. It is possible that counsel for City Cab considered his obligation fulfilled when he received confirmation that the Aghdasis' counsel had received electronic notice of City Cab's request to submit the summary judgment motion for decision.

all attorneys, an attorney's failure to comply is not grounds for setting aside a judgment. *See id.* ¶ 43 (encouraging lawyers to comply with the Standards and suggesting that failure to comply may leave lawyers open "to bar complaints or other disciplinary consequences" when that failure runs afoul of the Utah Rules of Professional Conduct).

¶10     In sum, the district court did not abuse its discretion in ruling that the attorney's misplacing the electronic notices did not constitute excusable neglect. We further conclude that the district court was not required to consider the Utah Standards of Professionalism and Civility in determining whether to set aside summary judgment. Accordingly, we affirm.

———————