**2018 UT App 3**

# THE UTAH COURT OF APPEALS

MARK C. HOLYOAK,
Appellee,
*v.*
MAX G. MORGAN,
Appellant.

Per Curiam Opinion
No. 20170374-CA
Filed January 5, 2018

Seventh District Court, Price Department
The Honorable Lyle R. Anderson
No. 170700011

John K. Johnson, Attorney for Appellant

Nathan E. Dorsey, Attorney for Appellee

Before JUDGES DAVID N. MORTENSEN, JILL M. POHLMAN, and
RYAN M. HARRIS.

PER CURIAM:

¶1      Appellant Max G. Morgan appeals the denial of his motion to set aside a judgment under rule 60(b) of the Utah Rules of Civil Procedure based upon a claim of excusable neglect. We affirm.[1]

¶2      On January 27, 2017, the district court issued a Temporary Civil Stalking Injunction, which was served on Morgan on or

---

1. Although Morgan requested oral argument, we conclude that oral argument in this case will not significantly aid the decisional process. *See* Utah R. App. P. 29(a)(2) ("Oral argument will be allowed in all cases in which the court determines that oral argument will significantly aid the decisional process.").

about January 30, 2017. On February 15, 2017, Morgan filed a request for an evidentiary hearing. *See* Utah Code Ann. § 77-3a-101(6) (LexisNexis 2012) (allowing a respondent to request, in writing, an evidentiary hearing within ten days after service of an ex parte civil stalking injunction). "A hearing requested by the respondent shall be held within 10 days from the date the request is filed with the court unless the court finds compelling reasons to continue the hearing." *Id.* § 77-3a-101(6)(a). On February 21, 2017, the district court set a hearing for March 1, 2017, and sent notice of the hearing through the court's e-filing system to Morgan's counsel at the email address that had been provided to the court. At the time set for hearing, petitioner Mark C. Holyoak appeared with counsel, but Morgan and his counsel did not appear. The district court issued a Civil Stalking Injunction (the stalking injunction) that was served on Morgan on that same day. The stalking injunction stated that it would remain in effect for three years after the service date of the Temporary Civil Stalking Injunction.

¶3      On March 16, 2017, Morgan filed a motion to set aside the stalking injunction and a request for a rule 60(b) rehearing. Morgan argued that his failure to appear at the scheduled hearing was due to excusable neglect. Morgan's counsel admitted that he had received the district court's electronic notification on February 21, 2017, but argued that "due to . . . inadvertence and honest mistake," he failed to read the notice or calendar the hearing. Holyoak opposed the motion to set aside the stalking injunction, arguing that some evidence of diligence is necessary to establish excusable neglect.

¶4      The district court denied the motion to set aside the stalking injunction. In a written order, the district court first noted that the case involved a stalking injunction, that Morgan requested the hearing, and that both Morgan and his counsel "should have realized that timetables for stalking injunction cases are short." The court found that while the court, Holyoak,

and Holyoak's counsel acted diligently in setting and preparing for the March 1 hearing, Morgan and his counsel did not act diligently. Morgan's counsel should have read the notice scheduling the hearing, and both Morgan and his counsel "should have been significantly more curious about whether a hearing had been scheduled and when it would be held." Referring to a "stunning lack of diligence" by Morgan and his counsel, the district court denied the motion.

¶5    "We review a district court's denial of a rule 60(b) motion for relief from judgment for an abuse of discretion." *Jones v. Layton/Okland*, 2009 UT 39, ¶ 10, 214 P.3d 859. "A district court abuses its discretion only when its decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice . . . [or] resulted from bias, prejudice, or malice." *Id.* ¶ 27 (alteration and omission in original) (citation and internal quotation marks omitted). "[I]n deciding whether a party is entitled to relief under rule 60(b) on the ground of excusable neglect, a district court must determine whether the moving party has exercised sufficient diligence that it would be equitable to grant him relief from the judgment entered as a result of his neglect." *Id.* ¶ 25. "[D]iligence on the part of the party claiming excusable neglect is an essential element of that inquiry, and relief may not be granted based on other equitable considerations where a party has exercised no diligence at all." *Bodell Constr. Co. v. Robbins*, 2014 UT App 203, ¶ 10, 334 P.3d 1004 (citation and internal quotation marks omitted).

¶6    Morgan provided no evidence of any diligence to support his claim of excusable neglect. Morgan requested the hearing and should have known that the court was required to hold a hearing within ten days of his filing of the request. *See* Utah Code Ann. § 77-3a-101(6)(a). Morgan's counsel admittedly received the electronic notice of the hearing but failed to read it. Morgan did not claim to have undertaken any other efforts to determine when the hearing had been scheduled. Although

Morgan argues that the prejudice to him outweighs any inconvenience from the delay to the opposing party, the supreme court has rejected that argument as a basis for relief. *See Jones*, 2009 UT 39, ¶ 24 ("It would be impermissible . . . to grant relief for excusable neglect under rule 60(b) solely because the moving party would be severely prejudiced by a refusal to grant relief while the nonmoving party would only suffer the inconvenience incident to delay of the litigation.").

¶7    This court affirmed the denial of a rule 60(b) motion based upon similar facts in *Aghdasi v. Saberin*, 2015 UT App 73, 347 P.3d 427. We concluded that there was "little difference between the inadvertent loss or misplacement of an electronic document and the inadvertent loss or misplacement of a physical document." *Id.* ¶ 6. Thus, an attorney is expected to make the same effort to be aware of incoming electronic filings as he or she would with paper filings. *See id.* ¶ 8. Morgan's attempt to distinguish this case from *Aghdasi* on the basis that there was only one electronic document in this case and at least three in *Aghdasi* is not persuasive. As we stated in *Aghdasi*, "we cannot say that the court's rejection of the . . . excusable neglect argument under the circumstances of this case, 'was against the logic of the circumstances' or 'so arbitrary and unreasonable as to shock one's sense of justice.'" *Id.* (quoting *Jones*, 2009 UT 39, ¶ 27).[2]

---

2. Because we conclude that the district court in this case did not abuse its discretion in determining that Morgan did not demonstrate excusable neglect, it is unnecessary to consider whether Morgan had a meritorious defense. *See Aghdasi v. Saberin*, 2015 UT App. 73, ¶ 8 n.2, 347 P.3d 427 (stating that because the district court did not err in its determination that the moving party had not established excusable neglect, it was not necessary to examine that court's determination that there was no meritorious defense proffered); *see also Weber v. Mikarose*, 2015

(continued…)

¶8 Morgan's alternative claim that the district court's ruling was deficient in failing to provide adequate factual findings for appellate review lacks merit. The written ruling and order adequately detailed the district court's reasoning and is sufficient to allow review by this court.

¶9 Holyoak asks this court to award him attorney fees "pursuant to the Utah Rules of Appellate Procedure." Because Holyoak did not identify an appellate rule or provide analysis in support of the request, we decline to consider it. *See* Utah R. App. P. 24(a)(9) ("A party seeking attorney's fees on appeal must state the request explicitly and set forth the legal basis for an award."); *see also Advanced Restoration, LLC v. Priskos*, 2005 UT 505, ¶ 36, 126 P.3d 786 (denying an attorney fees request where the brief stated that the appeal was meritless but did not cite the legal basis for an award).

¶10 We affirm the denial of the motion to set aside the judgment.

———————

—————————————————

(…continued)
UT App 130, ¶ 13 n.4, 351 P.3d 121 (noting that the district court did not consider whether there would be a meritorious defense in light of its conclusion that there was no excusable neglect).